IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:11-CR-10- JRG-RSP |
| | § | |
| BETH JARVIS PETERSEN | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On March 9, 2016, the undersigned held a final hearing on the Government's petition (#58) to revoke supervised release. The Government was represented by Assistant United States Attorney Allen Hurst. The Defendant, Beth Jarvis Petersen, was represented by Ken Hawk.

Beth Jarvis Petersen was sentenced on January 10, 2013, before The Honorable U.S. District Judge Rodney Gilstrap of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of Theft of Public Money, a Class C felony. This offense carried a statutory maximum imprisonment term of ten years. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of III, was 15 to 21 months. Beth Jravis Petersen was subsequently sentenced to 24 months imprisonment, to be followed by three years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, mental health treatment, and substance abuse treatment and counseling. On May 2, 2014, Beth Jarvis Petersen completed her period of imprisonment and began service of the supervision term.

On September 9, 2015, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Standard</u>:   The Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.   Specifically, the Government alleges as follows:   The defendant failed to submit a monthly report form for June and July 2015.

2) <u>Standard</u>:   The Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.   Specifically, the Government alleges as follows:   The defendant has been unemployed since May 2015.

3) <u>Standard</u>:   The Defendant shall notify the probation officer ten days prior to any change of residence or employment.   Specifically, the Government alleges as follows:   The defendant has been unemployed since May 2015 and did not report this to the probation office until confronted in July 2015.

4) <u>Standard</u>:   The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.   Specifically, the Government alleges as follows:   The defendant submitted a positive urine specimen for methamphetamine on June 24, 2015.

5) <u>Standard</u>:   The Defendant shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.   Specifically, the Government alleges as follows:   The defendant failed to make herself available for scheduled home visits on January 21, 2015; February 3, 2015; and June 14, 2015.

6) <u>Special</u>:   The Defendant shall pay any financial penalty that is imposed by this

judgment, and that remains unpaid at the commencement of supervised release. Specifically, the Government alleges as follows: The defendant has not made a payment towards her restitution since April 2, 2015. She has only paid $374.27 towards the $88,638.69 in restitution ordered by the Court.

7) <u>Special</u>: Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in any combination of psychiatric, psychological, or mental health treatment s deemed appropriate by the treatment provider. Specifically, the Government alleges as follows: On August 3, 2015, the defendant was instructed to call and schedule her initial mental health counseling appointment. As of August 21, 2015, she had still not scheduled this appointment and was instructed to do so immediately. She then failed to report as scheduled for her initial appointment on August 24, 2015. The defendant also failed to report to her scheduled appointment with her psychiatrist for medication monitoring on August 18 and 27, 2015.

8) <u>Special</u>: The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Specifically, the Government alleges as follows: The defendant was placed in the random urine testing program on July 23, 2015; and has failed to report for testing on August 4 and 14, 2015.

The Court scheduled a revocation hearing for March 9, 2016. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegation #4 as set forth above. Based on the Defendant's plea of true to the allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S.

3

Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for eight months, with no supervised release to follow such term of imprisonment. The Court recommends service of sentence at FCI Carswell at Fort Worth, Texas. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegation #4, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegation, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eight months, with no supervised release to follow such term of imprisonment.

At the close of the March 9, 2016 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 9th day of March, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

4